UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
    CARLOS DE JESUS LANTIGUA,
                              Petitioner,

              -against-

    THOMAS DECKER, et al.,
                              Respondents.
------------------------------------------------------------- X

17 Civ. 4880 (LGS)

<u>OPINION AND ORDER</u>

LORNA G. SCHOFIELD, District Judge:

Petitioner Carlos de Jesus, a native and citizen of the Dominican Republic, is a lawful permanent resident ("LPR") of the United States who is being detained by U.S. Immigration and Customs Enforcement ("ICE") pursuant to 8 U.S.C. § 1226(c) during the pendency of his immigration proceedings. Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking an Order that directs Respondents to release him immediately on his own recognizance or the minimum bond of $1,500. In the alternative, Petitioner seeks an Order that vacates the Immigration Judge ("IJ")'s decision and that orders the IJ to conduct a new bond hearing. For the reasons below, Petitioner's request for a Writ of Habeas Corpus is denied.

**I.    BACKGROUND**

Petitioner is a 27-year-old native and citizen of the Dominican Republic and an LPR of the United States. Petitioner has lived in New York since 2003 and is the father of three U.S. citizen children.

On February 7, 2017, Petitioner was detained by ICE pursuant to 8 U.S.C. § 1226(c) based on his 2011 conviction for attempted burglary under N.Y. Penal Law § 110–140.25(2) and his 2013 conviction for misdemeanor assault under N.Y. Penal Law § 120.00(1). On the same day, ICE served Petitioner with a Notice to Appear.

On April 10, 2017, ICE charged him as deportable under the Immigration and Nationality Act ("INA") § 237(a)(2)(A)(ii) (commission of two crimes involving moral turpitude) based on his convictions of attempted burglary and assault.

On June 28, 2017, within six months of Petitioner's detention, he was afforded a bond hearing. At the bond hearing, the IJ evaluated Petitioner's prior attempted burglary and assault convictions, in addition to a criminal complaint related to his 2016 arrest for petit larceny under N.Y. Penal Law § 155.25.

At the hearing, the IJ described the hearing as "a *Lora* hearing," referring to *Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015), and Petitioner's counsel stated, "*Lora* requires that the Government establish by clear and convincing evidence that [Petitioner] is a future danger to the community and/or a flight risk." The IJ recognized that Petitioner has "some positive equities" but found that he is a "danger to the community with [his] criminal record." The IJ noted Petitioner's 2011 attempted burglary conviction, a Class D felony, and observed that Petitioner had received a six-month sentence and five years' probation for that conviction. The IJ also observed that Petitioner violated his probation when he was arrested in 2013 for assault, to which he pleaded guilty and received a five-month sentence. The IJ noted that Petitioner was arrested again in March 2016, while still on probation; that the related criminal complaint alleges that Petitioner stole a cell phone, clothing and tool bags from a store; and that Petitioner pleaded guilty to petit larceny in October 2016, resulting in a third conviction. When Petitioner's counsel argued that Petitioner's recent offense represented a danger to property, not persons, and that his burglary and assault convictions were "aberrational" and were from "a long time ago," the IJ disagreed that the 2011 burglary of a dwelling was "a long time ago" and declined to distinguish

2

offenses reflecting a danger to property versus persons.

At the conclusion of the hearing, the IJ denied Petitioner bond. On the same day, Petitioner filed this action. On July 3, 2017, Petitioner also filed an appeal of his bond denial with the Board of Immigration Appeals ("BIA").

On July 12, 2017, the IJ issued a memorandum of the bond hearing, reiterating that the hearing was pursuant to the *Lora* evidentiary standard. The IJ concluded that the government had met its burden by submitting "[Petitioner's] immigration registration paperwork; and various documents regarding his criminal history." The memorandum found that Petitioner is a danger to the community because his assault and burglary convictions are serious. The memorandum rejected Petitioner's argument, based on his "extensive criminal record," that Petitioner has every reason to return to court to fight his case.

The resolution of Petitioner's BIA appeal is pending. Petitioner's merits hearing and removal proceeding are scheduled to take place on December 14, 2017.

## II. LEGAL STANDARD

"The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The allegations of a return to the writ of habeas corpus or of an answer . . . if not traversed, shall be accepted as true except to the extent that the judge finds from evidence that they are not true." 28 U.S.C. § 2248.

Under the INA, federal courts cannot review discretionary decisions by an IJ, such as bond denial. 8 U.S.C. § 1226(e); *see e.g.*, *Alvarez v. Shanahan*, No. 15 Civ. 9122, 2016 WL 873129, at *3 (S.D.N.Y. Mar. 7, 2016); *Bugianishvili v. McConnell*, No. 15 Civ. 3360, 2015 WL

3903460, at *3 (S.D.N.Y. June 24, 2015) ("The INA bars federal courts from reviewing challenges to an IJ's discretionary decision regarding detention and bond."). A decision is discretionary when it pertains to "the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion." *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008); *see Y.C. v. Holder*, 741 F.3d 324, 336 (2d Cir. 2013) ("We have rejected attempts to frame disagreements over factfinding as constitutional claims or legal questions.").

Courts may nonetheless exercise jurisdiction over questions of law or constitutional challenges to the application of § 1226. *Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (holding that "Section 1226(e) contains no explicit provision barring habeas review, and . . . its clear text does not bar [a petitioner's] constitutional challenge."); *accord Vargas v. Davies*, No. 15 Civ. 3525, 2016 WL 3044850, at *4 (S.D.N.Y. May 27, 2016); *Gordon v. Shanahan*, No. 15 Civ. 261, 2015 WL 1176706, at *2 (S.D.N.Y. Mar. 13, 2015). In assessing whether a petitioner raises a question of law or a constitutional challenge, a petitioner's arguments are assessed "regardless of the rhetoric employed in the petition." *Barco-Sandoval*, 516 F.3d at 42 (quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 239 (2d Cir. 2006)). "An assertion that an IJ . . . misread, misunderstood, or misapplied the law in weighing factors relevant to the grant or denial of discretionary relief does not convert what is essentially an argument that the IJ . . . abused their discretion into a legal question." *Guyadin v. Gonzales*, 449 F.3d 465, 468 (2d Cir. 2006).

### III. DISCUSSION

The Petition alleges that: (1) the IJ failed to apply the clear and convincing evidentiary standard under *Lora* during the bond hearing and (2) the IJ failed to remain neutral, violating Petitioner's due process rights.

4

### A. The *Lora* Challenge

The Petition fails to raise a constitutional challenge under *Lora*. The Due Process Clause of the Fifth Amendment prohibits the government from depriving any persons, including aliens within the country, of liberty without due process of law. *Lora*, 804 F.3d at 613 (citing *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)). In *Lora*, the Second Circuit held that "in order to avoid the constitutional concerns raised by indefinite detention, an immigrant detained pursuant to section 1226(c) must be afforded a bail hearing before an immigration judge within six months of his or her detention." *Id.* at 616. "[T]he detainee must be admitted to bail unless the government establishes by clear and convincing evidence that the immigrant poses a risk of flight or a risk of danger to the community." *Id.*

In accordance with the Second Circuit's instructions in *Lora*, Petitioner was afforded a bond hearing within six months of his detention. The Petition asserts in substance that during this hearing, the IJ failed to apply the correct constitutional standard under *Lora* by (1) relying in part on the 2016 criminal complaint and (2) failing to consider Petitioner's arguments during the bond hearing.

#### 1. The IJ's Consideration of The Criminal Complaint

The IJ's consideration of the criminal complaint raises neither a constitutional challenge nor a question of law. The Petition incorrectly asserts that the IJ's relied on the complaint excessively. That reliance is beyond challenge because the IJ's decision to consider evidence and weigh its value are discretionary decisions. *See e.g.*, *Laing v. Sessions*, No. 16 Civ. 114, 2017 WL 3834733, at *3 (2d Cir. Sept. 1, 2017) (finding that the petitioner failed to raise a constitutional claim or question of law when he merely challenged the IJ's evaluation of

evidence, such as the absence of support letters and Petitioner's admission); *Guyadin*, 449 F.3d at 468 (finding that challenging an IJ's discretion in weighing evidence is not a constitutional question).

The Petition also alleges that the IJ's use of the criminal complaint was improper because the IJ assumed facts from it without corroboration. This argument also fails. The IJ has broad discretion to consider "any information that is available to [him] or that is presented to [him] by the alien or [ICE]," including a criminal complaint. 8 C.F.R. § 1003.19(d); *see Jing Wan v. Lynch*, 664 F. App'x 55, 57 (2d Cir. Mar. 24, 2016) ("Evidence may be admitted in immigration proceedings 'if it is probative and its use is fundamentally fair'" (quoting *Montero v. INS*, 124 F.3d 381, 385–86 (2d Cir. 1997))).

Here, in addition to the criminal complaint, which alleged that Petitioner stole items from a store, the IJ also considered Petitioner's guilty plea to the resulting petit larceny charge, as well as his two prior convictions, including one felony conviction. The IJ also relied on evidence that Petitioner's two most recent charges arose from arrests that occurred while he was on probation. "*Lora* does not prohibit IJs from assessing the totality of a detainee's prior criminal history, including arrests and unarraigned charges, in determining danger to the community." In sum, Petitioner's argument that the IJ erred by relying on the criminal complaint without corroboration in denying bond is incorrect and does not raise a constitutional claim or a legal question.

2. **The IJ's Alleged Failure to Consider Petitioner's Arguments**

Contrary to the Petition, the IJ did not disregard Petitioner's arguments. The IJ recognized that Petitioner has "some positive equities," which include his good behavior since 2013 and his responsibility towards his family. The IJ also responded to and rejected Petitioner's

arguments that his 2011 burglary charge was a long time ago, and that the IJ should make a distinction between a crime against persons and one against property. The IJ was within his discretion to disagree with Petitioner's arguments and weigh Petitioner's prior convictions more heavily than his positive qualities. *See, e.g.*, *Vargas*, 2016 WL 3044850, at *4 (finding that the petitioner cannot ask the court to second guess the IJ's weighing of evidence through his writ of habeas corpus); *Hamilton v. Shanahan*, No. 09 Civ. 6869, 2009 WL 5173927, at *3 n.37 (S.D.N.Y. Dec. 30, 2009) (finding that the IJ's failure to take the petitioner's filing of Form I-360 into consideration was within the IJ's discretion).

Petitioner's Reply asserts in substance that the IJ failed to apply the correct constitutional standard under *Lora* because, at the hearing, he did not expressly state the *Lora* standard and explain on the record how the evidence met the standard. To the contrary, the record shows that the IJ properly applied the *Lora* standard. During the hearing, Petitioner articulated the standard, and the IJ acknowledged that the hearing was a "*Lora* hearing." The IJ's subsequent bond memorandum articulates the *Lora* standard and states that Petitioner's immigration paperwork and documents regarding his criminal history show that Petitioner is dangerous by clear and convincing evidence.

In sum, neither the Petition nor the Reply raises a constitutional claim under *Lora* to warrant jurisdiction.

**B. Failure to Maintain Neutrality**

The IJ did not fail to maintain neutrality. The Due Process Clause requires that an IJ be neutral in any proceedings. *Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006); *accord Shen Ying Mei v. Holder*, 421 F. App'x 46, 48 (2d Cir. May 4, 2011). The Petition asserts that the IJ was

biased because the IJ had a longer conversation with Respondents' attorney than with Petitioner's and because the IJ argued on Respondents' behalf by offering his opinion on evidence.

The relative length of the two conversations does not rise to the level of a constitutional violation. *Cf. Abulashvili v. Attorney Gen. of U.S.*, 663 F.3d 197, 207 (3d Cir. 2011) (holding that the IJ was unconstitutionally biased because he "took over the cross-examination at the hearing after determining that the government was not adequately prepared" by asking the petitioner a total of eighty-seven questions). Here, in contrast to the conduct in *Abulashvili*, the IJ did not become an advocate for the government during the questioning of witnesses. Further, the IJ's opinion that he "just [does not] see how [Petitioner is] not a danger to the community with [his] criminal record" merely reflects his reasoning for the bond denial and the weight he had attached to Petitioner's criminal history.

### C. Petitioner's Letter on August 14, 2017

Petitioner raises additional arguments in the letter filed on August 14, 2017. This letter asserts in substance that the IJ erred because his memorandum states both that Petitioner is a danger to the community and a flight risk, and elsewhere that the IJ would not consider whether Petitioner is a flight risk. This contradiction is likely a scrivener's error and in any event does not undermine the IJ's exercise of his discretion in concluding that Petitioner was a danger to the community in light of his criminal history. Once there is a determination that the alien is a danger to the community, the IJ need not consider whether the alien is a flight risk. *See Lora*, 804 F.3d at 616 ("[T]he detainee must be admitted to bail unless the government establishes . . . that the immigrant poses a risk of flight *or* a risk of danger to the community.") (emphasis added). In sum, the Letter fails to raise a constitutional claim or a question of law.

8

Because this Court lacks jurisdiction over this action, the issue of exhaustion and the merits of this action are not addressed.

## IV. CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus is DENIED. The Clerk of Court is respectfully requested to close this case.

SO ORDERED.

Dated: October 27, 2017
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE